UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Democratic National Committee and Democratic Party of Wisconsin,<br><br>    Plaintiffs,<br><br>  v.<br><br>Marge Bostelmann, Julie M. Glancey, Ann S. Jacobs, Dean Knudson, Robert F. Spindell, Jr., and Mark L. Thomsen, in their official capacities as Wisconsin Elections Commissioners,<br><br>    Defendants,<br><br>  and<br><br>Republican National Committee, Republican Party of Wisconsin, and the Wisconsin State Legislature,<br><br>    Intervenor-Defendants. | Case No. 3:20-cv-249-wmc (consolidated with Case Nos. 3:20-cv-278-wmc and 3:20-cv-284-wmc) |

## THE WISCONSIN LEGISLATURE'S MOTION TO DISMISS THE AMENDED COMPLAINT IN *DNC*

Under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Intervenor-Defendant the Wisconsin Legislature ("Legislature") hereby moves to dismiss the Amended Complaint, Dkt.55, in *DNC v. Bostelmann*. The Legislature moves to dismiss the Amended Complaint based on *Burford* abstention and mootness.

In support of the *Burford* abstention grounds, the Legislature incorporates the arguments it made in its previous submissions in support of its prior Proposed Motions to Dismiss in these consolidated cases. *See* Dkts.23 at 17–19; 149 at 2–9; *see also* Dkt.143 at 17–19 (Legislature's brief in support of Proposed Motion to Dismiss the *Lewis* Complaint). The Legislature respectfully submits that those same

arguments are fully applicable to the Amended Complaint, requiring this Court to dismiss that complaint.

In support of the mootness grounds for dismissal, the Legislature states the following:

The Court must dismiss a case as "nonjusticiable" when it becomes "moot," meaning that the case "no longer presents a live case or controversy." *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 528 (7th Cir. 2001). A plaintiff's challenge to the application of election laws in a particular election, like the challenge here, often becomes moot once the "election ha[s] come and gone by," since any post-election remedy ordered by the Court "would have no impact on the parties to th[e] suit or on the results of the [now-past] election." *Id.* This rule, of course, applies to requests for injunctive relief during an upcoming election, since the passing of the election makes any "requested injunction [ ] now worthless." *Stone v. Bd. of Election Comm'rs for City of Chicago*, 643 F.3d 543, 545 (7th Cir. 2011).

In some cases, "the passage of an election does not necessarily render an election-related challenge moot," if the case falls within the mootness exception for challenges that are "capable of repetition yet evad[e] review." *Tobin for Governor*, 268 F.3d at 528 (citations omitted); *see also Stone*, 643 F.3d at 545. However, that exception will only apply, if at all, when the plaintiff specifically challenges the continued application of a statute in future elections. *See Tobin for Governor*, 268 F.3d at 529 (distinguishing "one-time decision[s]" by the government). If the plaintiff has brought such a challenge, the plaintiff must then further demonstrate that:

"(1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Id.* Election-law challenges that "traditionally" satisfy this limited exception to mootness "involve[ ] challenges to the validity of statutory provisions that will continue to operate past the election in question *and* that will burden future candidates in future elections," *id.* at 528–29 (emphasis added)—for example, "ballot-access cases." *Acevedo v. Cook Cty. Officers Electoral Bd.*, 925 F.3d 944, 947 (7th Cir. 2019).

Here, the *DNC* Plaintiffs' claims in their Amended Complaint are now moot, since the April 7, 2020 Spring Election "ha[s] come and gone by." *Tobin for Governor*, 268 F.3d at 528. The *DNC* Plaintiffs' claims in their Amended Complaint alleged constitutional violations *only* with respect to this Spring Election. *See* Dkt.55. That is, the *DNC* Plaintiffs' challenged election laws establishing registration deadlines, applying voter-integrity measures, and setting absentee-ballot-casting deadlines *only for this past Spring Election*.

With their First and Fourteenth Amendment right-to-vote claim, the *DNC* Plaintiffs alleged that the "right to vote" of Wisconsinites "will be severely burdened . . . *in the upcoming April 7, 2020 election*" unless the Court enjoins certain election laws. Dkt.55 ¶ 47 (emphasis added). Specifically, the *DNC* Plaintiffs alleged that the Governor's "Safer-At-Home Order" made voters' compliance with certain election laws more difficult for the Spring Election only, *see id.* at ¶ 48, that those election laws' operation was excessively burdensome for this election only, *see id.* at ¶¶ 49–

50, and that the State could not justify those burdens in the context of the current Spring Election, *see id.* at ¶ 51.

Moving to their procedural-due-process claim, the *DNC* Plaintiffs claimed that "Wisconsin must establish adequate procedures to ensure that voters . . . [may] cast their ballots *in the April 7, 2020 election.*" Dkt.55 ¶ 57 (emphasis added). Here again, the *DNC* Plaintiffs claimed solely that, "[u]nder the current circumstances" leading up to the Spring Election, "Wisconsin's election process is fundamentally unfair," *id.* at ¶ 56, which infringed voters' "right[s] in the *upcoming election,*" *id.* at ¶ 57 (emphasis added).

Finally, with their equal-protection claim, the *DNC* Plaintiffs alleged that "different actions taken by Wisconsin cities and counties in response to the coronavirus pandemic" violated equal-protection requirements. Dkt.55 ¶ 61. This too relates only to the Spring Election, given that the *DNC* Plaintiffs challenged city and county "actions" specific only to that election, such as: efforts to "deem[ ] [all] voters 'indefinitely confined'" for this election, and therefore exempt from certain election-law requirements, *see id.*; guidance about satisfying witness-signature requirements for this election, *see id.* at ¶ 62; and "inconsistent availability of in-person registration and voting" for this election, *see id.* at ¶ 63.

The *DNC* Plaintiffs' claims in their Amended Complaint do not satisfy the capable of repetition, yet evading review exception to mootness, thus that exception does not save this case from dismissal on mootness grounds.

To begin, the *DNC* Plaintiffs have not specifically challenged the application of the relevant election laws here to any specific election in the future, thus the capable of repetition, yet evading review exception is categorically unavailable. *See Tobin for Governor*, 268 F.3d at 529. So, while Wisconsin is holding its next election on May 12, 2020—a Special Election for the 7th Congressional District—the *DNC* Plaintiffs made no reference to this or any other future election in their Amended Complaint. *See* Wis. Elections Comm'n, *7th Congressional District Special Election*.*

Further, the *DNC* Plaintiffs cannot satisfy the additional two requirements for this mootness exception. *See Tobin for Governor*, 268 F.3d at 529.

First, Wisconsin elections are not "too short in duration" for the *DNC* Plaintiffs to litigate challenges to election laws prior to the "expiration" of any election—including challenges before the state courts or the Wisconsin Elections Commission. *See id.* (rejecting application of exception because "judicial review . . . is available . . . [in] the state courts"); *see generally* Wis. Stat. § 5.05(1) (granting the Commission the authority to administer Wisconsin's election laws); Wis. Stat. § 227.52 (subjecting the Commission's actions to judicial review in state court).

Second, and independently sufficient, there is no "reasonable expectation that the same complaining party will be subjected to the same action again." *See Tobin for Governor*, 268 F.3d at 529. The *DNC* Plaintiffs themselves specifically noted that the Wisconsin Governor's "Safer at Home" Order is set to expire on April 24, 2020, *id.*

---

* Available at https://elections.wi.gov/node/6577 (last visited Apr. 14, 2020).

at ¶ 2, which is prior to any other election in Wisconsin, including the 7th Congressional District Special Election on May 12, 2020.

Dated this 16th day of April, 2020.

    Respectfully submitted,

/s/Misha Tseytlin
MISHA TSEYTLIN
*Counsel of Record*
KEVIN M. LEROY
TROUTMAN SANDERS LLP
227 W. Monroe Street, Suite 3900
Chicago, IL 60606
(608) 999-1240
(312) 759-1939 (fax)
misha.tseytlin@troutman.com
kevin.leroy@troutman.com

*Counsel for Legislature in DNC, Gear, and Lewis*

ERIC M. MCLEOD
LANE E. RUHLAND
HUSCH BLACKWELL LLP
P.O. Box 1379
33 East Main Street, Suite 300
Madison, WI 53701-1379
(608) 255-4440
(608) 258-7138 (fax)
eric.mcleod@huschblackwell.com
lane.ruhland@huschblackwell.com

LISA M. LAWLESS
HUSCH BLACKWELL LLP
555 East Wells Street, Suite 1900
Milwaukee, WI 53202-3819
(414) 273-2100
(414) 223-5000 (fax)
lisa.lawless@huschblackwell.com

*Counsel for Legislature in DNC*