**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

---

DEMOCRATIC NATIONAL COMMITTEE, et al.,
Plaintiffs,
v.
MARGE BOSTELMANN, et al.,
Defendants,
and
REPUBLICAN NATIONAL COMMITTEE, et al.,
Intervening Defendants.

Civil Action No.: 3:20-cv-249-wmc

---

SYLVIA GEAR, et al.,
Plaintiffs,
v.
MARGE BOSTELMANN, et al.,
Defendants,
and
REPUBLICAN NATIONAL COMMITTEE, et al.,
Intervening Defendants.

Civil Action No.: 3:20-cv-278-wmc

---

CHRYSTAL EDWARDS, et al.,
Plaintiffs,
v.
ROBIN VOS, et al.,
Defendants.
and
REPUBLICAN NATIONAL COMMITTEE, et al.,
Intervening Defendants.

Civil Action No. 3:20-cv-340-wmc

---

JILL SWENSON, et al.,

Plaintiffs,

v.

MARGE BOSTELMANN, et al.,

and

REPUBLICAN NATIONAL COMMITTEE, et al.,

Intervening Defendants

Civil Action No. 3:20-cv-459-wmc

**MOTION OF PLAINTIFFS DEMOCRATIC NATIONAL COMMITTEE AND DEMOCRATIC PARTY OF WISCONSIN FOR RENEWED PRELIMINARY INJUNCTION**

Plaintiffs DEMOCRATIC NATIONAL COMMITTEE ("DNC") and DEMOCRATIC PARTY OF WISCONSIN, by and through their attorneys, respectfully move the Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for a preliminary injunction restraining Defendants and their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them, from enforcing (1) the requirement that polling places receive absentee ballots by 8:00 p.m. on election day for ballots to be counted ("Election Day Receipt Deadline"), Wis. Stat. § 6.87; (2) the requirement that absentee ballots be signed by a witness, *id*. § 6.87(2), unless the State provides an appropriate "safety net" as described in the accompanying brief; (3) the requirement that photo identification accompany absentee ballot applications, *id*. §§ 6.86, 6.87, unless the State provides an appropriate "safety net" as described in the accompanying brief; (4) the requirement that copies of proof of residence accompany electronic and by-mail voter registration, *id*. § 6.34, unless the State provides an appropriate "safety net" as described in the accompanying brief; and (5) the by-mail and electronic voter registration deadlines, *id*. § 6.28(1). Plaintiffs also challenge the Defendants' failure to provide

sufficient financial, personnel, and other resources to ensure an adequate number of in-person absentee voting sites and election-day polling places to accommodate voters in a safe and secure manner pursuant to its authority to administer Wisconsin's elections, *id*. § 5.05 (collectively, these provisions are the "Challenged Provisions").

Since the election held on April 7, 2020, evidence continues pouring in that the COVID-19 pandemic is getting worse, governmental responses are falling woefully short, and the electoral process in place for the November General Election is threatened absent judicial intervention. Plaintiffs are entitled to a preliminary injunction because they are substantially likely to succeed on the merits of their claims that the Challenged Provisions severely burden the rights of Wisconsin voters, deprive them of equal protection under the law, and deprive them of their liberty interest in voting without due process.

The United States' unprecedented pandemic is getting worse—not better—as the number of cases continue to rise. Wisconsinites continue to socially distance themselves to try to slow the spread of the coronavirus. And, if the Spring Election taught the world anything, it is that Wisconsin voters vastly prefer voting by mail during a pandemic than risking their health and the health of their loved ones by congregating into polling places. Wisconsin voters—including thousands of Plaintiffs' members and constituents—should not *again* be forced to make the untenable choice between violating governmental guidelines on self-isolation and social distancing to exercise their fundamental right to vote. Yet, the Challenged Provisions continue to do just that by forcing some voters but not others to resort to in-person registration—or depriving them of any registration option whatsoever. Likewise, voters are forced to leave their homes to copy documents or obtain witness signatures. Even more, the Challenged Provisions impose arbitrary deadlines that simply cannot be met during this crisis.

Plaintiffs are also entitled to relief because they will suffer irreparable harm absent relief, and traditional legal remedies will not adequately protect their rights. Further, the harm to Plaintiffs and Wisconsin voters outweighs any potential harm to the State. Finally, it almost goes without saying that Plaintiffs' requested relief is in the public interest.

According to Wisconsin Election Commission data, the Court's modest deadline extensions in its prior injunctive relief allowed 57, 187 Wisconsin voters to register online after March 18 without having to venture out to register in-person. And the Court's relief saved 79,054 voters from disenfranchisement by requiring that their timely-cast and mailed absentee ballots be counted if received by April 13 (and were otherwise valid). In other words, if not for the Court's orders, tens of thousands of Wisconsinites—if not more—would have been deprived of their voting rights. This Court's orders resulted in the protection and expansion of democracy. Regrettably, in the absence of effective leadership by Wisconsin's elected leaders, this Court must act again to prevent massive disenfranchisements in the November general election.

For the foregoing reasons, and as set forth in the accompany Memorandum in Support of Plaintiffs' Renewed Motion for Preliminary Injunction, as well as accompanying Findings of Facts, exhibits, expert report, and declarations, the DNC and Democratic Party of Wisconsin respectfully request that this Court grant a Preliminary Injunction and enter judgment:

A. Declaring that in the context of the current coronavirus crisis, Wisconsin's current by-mail and electronic registration deadlines, Wisc. Stat. § 6.28(1); requirements that copies of proof of residence and voter photo ID accompany electronic and by-mail voter registration and absentee applications, id. § 6.34, 6.86, respectively; requirement that polling places receive absentee ballots by 8:00 p.m. on election day to be counted, id. § 6.87; and requirement that an absentee voter obtain the signature of a witness attesting to the accuracy of personal information

on an absentee ballot, id. § 6.87(2); together with defendants' failure to ensure that all citizens have safe and sufficient opportunities to register and vote in person, are unconstitutional in violation of the First and Fourteenth Amendments;

B. Enjoining defendants and their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them, from rejecting electronic and by-mail registrations that are received by the relevant clerk's office by Friday, October 30, 2020.

C. Enjoining defendants and their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them, from rejecting ballots that are postmarked on or before November 3, 2020 and arrive at the municipal clerk's office within a minimum of ten days thereafter, subject to the definition of "postmarked" discussed in the accompany Memorandum in Support of Plaintiffs' Renewed Motion for Preliminary Injunction;

D. Enjoining in part the enforcement of the witness requirement in Wis. Stat. § 6.87(2) as applied to those absentee voters who certify under penalty of perjury that they are unable after making reasonable efforts to obtain a witness signature and provide contact information for local election officials to follow up immediately if they have any questions or concerns.

E. Enjoining in part the enforcement of the photo identification requirements in Wis. Stat. §§ 6.86 and 6.87 and the proof of residency requirement in Wis. Stat. § 6.34 for voter registrations until the COVID-19 crisis is over, as applied to those absentee voters who certify under penalty of perjury that they are unable after making reasonable efforts to obtain a witness signature and provide contact information for local election officials to follow up immediately if they have any questions or concerns.

F. Ordering defendants to exercise their statutory authority and responsibility, see Wis. Stat. § 5.05(1), to develop and implement regulations, plans, and/or other administrative steps to (a) coordinate available state, local, and private resources to ensure that all voters throughout the State are able to cast early in-person absentee ballots and to vote in-person on election day in a safe and secure manner; and (b) conduct a continuing public information campaign informing voters of their in-person and absentee voting options and requirements, with defendants required to report back to the Court on its progress in implementing this relief and plans for future steps through the election;

G. Awarding plaintiff their costs, expenses, and reasonable attorneys' fees pursuant to, inter alia, 42 U.S.C. § 1988 and other applicable laws; and

H. Granting such other relief as the Court deems just and proper.

Dated this 8th day of July, 2020

Respectfully submitted,

/s/ *John Devaney*

Marc E. Elias
John Devaney
Bruce V. Spiva
Amanda R. Callais
Zachary J. Newkirk
PERKINS COIE LLP
700 Thirteenth St., N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-9959
melias@perkinscoie.com
jdevaney@perkinscoie.com
bspiva@perkinscoie.com
acallais@perkinscoie.com
znewkirk@perkinscoie.com

Charles G. Curtis, Jr.
Michelle M. Umberger

Sopen B. Shah
Brandon M. Lewis
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, Wisconsin 53703-3095
Telephone: (608) 663-7460
Facsimile: (608) 663-7499
CCurtis@perkinscoie.com
MUmberger@perkinscoie.com
SShah@perkinscoie.com
BLewis@perkinscoie.com

*Counsel for Plaintiffs in Case No. 20-cv-249-wmc*