UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Jill Swenson, Melody McCurtis, Maria Nelson, Black Leaders Organizing for Communities, *and* Disability Rights Wisconsin,<br><br>      Plaintiffs,<br><br>  v.<br><br>Marge Bostelmann, Julie M. Glancey, Ann S. Jacobs, Dean Knudson, Robert F. Spindell, Jr., *and* Mark L. Thomsen, *Commissioners of the Wisconsin Elections Commission*; Meagan Wolfe, *Administrator of the Wisconsin Elections Commission*,<br><br>      Defendants,<br>  and<br>Republican National Committee, Republican Party of Wisconsin, *and* the Wisconsin Legislature,<br><br>      Intervenor Defendants. | Case No. 3:20-cv-459-wmc (consolidated with Nos. 3:20-cv-249-wmc, 3:20-cv-278-wmc, 3:20-cv-284-wmc, and 3:20-cv-340-wmc) |

**WISCONSIN LEGISLATURE'S RESPONSE TO *SWENSON* PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

*Swenson* Plaintiffs have called this Court's attention to the recently issued decision in *Frederick v. Lawson*, No. 19-cv-01959, ___ F. Supp. 3d ___, 2020 WL 4882696 (S.D. Ind. Aug. 20, 2020). *Frederick* provides no support for Plaintiffs' various, sweeping challenges to Wisconsin's election laws.

Plaintiffs first contend that *Frederick* is relevant here based on that court's conclusion that the Indiana Secretary of State was the proper defendant in the case.

Dkt. 534 at 3.* But in *Frederick*, the court pointed to Indiana precedent implicitly establishing that the Secretary of State was a proper defendant in such lawsuits under Indiana law. *Frederick*, 2020 WL 4882696, at *11 (citing *League of Women Voters of Ind. v. Rokita*, 929 N.E.2d 758 (Ind. 2010)). Here, Plaintiffs have cited no such caselaw regarding Wisconsin's election regime, which is the most "decentralized" election-regulation system in the country. *See* Dkt. 454 at 11 (citation omitted). As the Legislature has explained, Wisconsin law vests the legal duty and authority to administer elections in election officials at the county or municipal level, *see* Wis. Stat. §§ 7.10, 7.15, and the Wisconsin Elections Commission "has no legal authority to be able to mandate" local election officials' exercise of these powers and duties, Dkt. 454 at 12 (quoting Wolfe Dep. 57:3–5).

The *Swenson* Plaintiffs next erroneously argue that *Frederick* provides support for their due process claims. Dkt. 534 at 3. The plaintiffs in *Frederick* challenged absentee-ballot rejections on the basis of "signature mismatch," or when a county or local election official determines that "the [voter's] 'signature on the application [does not] correspond[ ] to the signature on the absentee ballot affidavit.'" *Frederick*, 2020 WL 4882696, at *3–4 (citation omitted) (first alteration in original). The signature comparisons at issue in *Frederick* require human judgment and discernment, and some differences between a person's signatures might "be accounted for by age or disability of the voter." Ind. Code § 3-11-4-17.5(a)(3). For

---

* Citations to "Dkt. ___" are to the docket in *Democratic National Committee v. Bostelmann*, 3:20-cv-249-wmc, unless otherwise indicated.

that reason, *Frederick* held that there was a "real risk of erroneous rejection, particularly given the natural variations in a person's handwriting" and additional procedures, including pre-rejection notice and opportunity to cure, were likely to greatly reduce the risk. 2020 WL 4882696, at *14. But here, the main basis for rejecting an absentee ballot is the requirement that that all absentee ballots have a witness signature. *See* Dkt. 493 at 54. Whether an absentee ballot *has* the legally mandated witness signature generally requires no human judgment, and no additional procedures are necessary to protect any Wisconsin voters from the *erroneous* rejection of ballots. Dkt. 454 at 78. And Wisconsin law already provides procedures for absentee voters to correct errors with their absentee ballots. *See* Wis. Stat. §§ 6.86(5), 6.869, 6.87(9).

Finally, Plaintiffs argue that *Frederick* supports their treatment of due process claims as wholly independent from the *Anderson/Burdick* framework applicable to all challenges to voting laws. Dkt. 534 at 4. But Plaintiffs fail to acknowledge that no party in *Frederick* appears to have made any arguments against the applicability of the procedural-due-process framework to the issues before the court, with the defendant simply engaging the plaintiffs' due process claims on the merits. *See* Defendant's Memorandum of Law in Support of Motion for Summary Judgment, Dkt. 64, *Frederick v. Lawson*, No. 1:19-cv-01959 (S.D. Ind. filed Feb. 4, 2020). Given the parties' failure to present to the court the specific arguments made by the Legislature here, the *Frederick* court cannot be faulted for not addressing the threshold question and merely proceeding to the *Frederick* plaintiffs' claims on their merits.

This Court should deny Plaintiffs' motions for a preliminary injunction.

Dated: August 31, 2020

        Respectfully Submitted,

        /s/ Misha Tseytlin
        MISHA TSEYTLIN
        (State Bar No. 1102199)
        ROBERT E. BROWNE, JR.
        (State Bar No. 1029662)
        KEVIN M. LEROY
        (State Bar No. 1105053)
        SEAN T.H. DUTTON
        TROUTMAN PEPPER HAMILTON
        SANDERS LLP
        227 W. Monroe Street
        Suite 3900
        Chicago, IL 60606
        (608) 999-1240
        (312) 759-1939 (fax)
        misha.tseytlin@troutman.com
        robert.browne@troutman.com
        kevin.leroy@troutman.com
        sean.dutton@troutman.com

        KASIA HEBDA
        TROUTMAN PEPPER HAMILTON
        SANDERS LLP
        600 Peachtree Street, N.E.
        Suite 3000
        Atlanta, GA 30308
        (404) 885-3000
        kasia.hebda@troutman.com

        *Attorneys for the Wisconsin Legislature*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2020, a true and accurate copy of the foregoing was served via the Court's CM/ECF system upon all counsel of record.

/s/ Misha Tseytlin
MISHA TSEYTLIN
TROUTMAN SANDERS LLP
227 W. Monroe Street
Suite 3900
Chicago, IL 60606
(608) 999-1240
(312) 759-1939 (fax)
misha.tseytlin@troutman.com